UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS A. GORDON,

    Plaintiff,

v.

LARRY MALCOLM,

    Defendant.

Case No.  C05-5838RBL

ORDER REFUSING TO SERVE COMPLAINT AND DIRECTING PLAINTIFF TO AMEND HIS COMPLAINT

The Court, having reviewed plaintiff's complaint, and the balance of the record contained herein, does hereby find and ORDER.

(l)    The Court declines to order that plaintiff's complaint be served on defendants until he corrects the deficiencies identified below:

(a) In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).  In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of

ORDER
Page - 1

supervisory responsibility or position. <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 n.58 (1978). A theory of <u>respondeat superior</u> is not sufficient to state a § 1983 claim. <u>Padway v. Palches</u>, 665 F.2d 965 (9th Cir. 1982).

(b) Officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of convicted prisoners. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). To state such a claim, a prisoner must show that the official knew of and disregarded a substantial risk of serious harm to his health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). Allegations of medical malpractice and gross negligence are insufficient to establish deliberate indifference. Estelle, 429 U.S. at 106; <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff alleges the defendant has failed to provide a blood test to determine whether or not plaintiff has contracted Hepatitis. Plaintiff does not allege facts indicating the defendant's lack of medical care was deliberately indifferent to a serious medical need. Plaintiff was tested in September 2003, which produced negative results. Due to the possibility of an HCV infection pending time for seroconversion, the test results were conditioned to that possibility, which is common for any virus test. Plaintiff alleges defendant failed to provide him with a follow up test in March 2004 to completely rule out the chance of him having contracted Hepatitis, and in response to the request defendant stated he would not authorize the virus test due to the fact that plaintiff, during the interim period, had not had any "risky exposure or activity" while he was housed in the intensive management unit ("IMU").

Significantly, the facts alleged to not amount to a federally based cause of action. Plaintiff has not alleged he was suffering from a serious medical need or exposed to a serious risk of harm at any point of time due to any act or failure to act by defendant.

(c) Plaintiff alleges that he has suffered mental anguish. Under 42 U.S.C. § 1997(e), no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. A de minimis physical injury is not sufficient to support a claim for mental or emotional suffering. <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997).

Plaintiff has not allege any facts indicating he has been damaged or actually injured due to defendant's alleged misconduct. Plaintiff has not alleged any physical harm or damage.

(2) Due to the deficiencies described above, the court refuses to serve the complaint. Plaintiff

ORDER
Page - 2

is instructed to file an amended complaint curing, if possible, the above-mentioned defects **by February 25, 2006**. If an amended complaint is not timely filed, or if plaintiff fails to adequately correct the deficiencies identified in this Order, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Alternatively, the court will permit plaintiff to voluntarily dismiss his complaint pursuant to Rule 41 of the Federal Rules of Civil Procedure, and such a voluntary dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

(3) The Clerk is directed to send plaintiff a copy of this Order and the General Order

DATED this 23rd day of January, 2006.

> */s/ J. Kelley Arnold*
> J. Kelley Arnold
> United States Magistrate Judge

ORDER
Page - 3