1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

THOMAS ALLEN GORDON,

    Plaintiff,

    v.

LARRY MALCOLM,

    Defendant.

Case No.  C05-5838RBL

REPORT AND
RECOMMENDATION

Noted for April 14, 2006

16

17

18

19

20

This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court on plaintiff's failure to cure certain deficiencies in his complaint.  For the reasons set forth below, the undersigned recommends that the Court dismiss this matter for failure to state a cognizable claim.

21

DISCUSSION

22

23

24

25

26

27

28

A complaint is frivolous when it has no arguable basis in law or fact.  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d).  Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (citing Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).    A plaintiff must allege a deprivation of a federally protected right in order to set forth a prima facie case under 42 U.S.C. §1983.  Baker v. McCollan, 443 U.S. 137, 140 (1979).  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l)

1   the conduct complained of was committed by a person acting under color of state law and that (2) the

2   conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

3   United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v.

4   Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if

5   both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert.

6   denied, 478 U.S. 1020 (1986).  Recently the Ninth Circuit held that dismissal of prisoner's deficient

7   complaints is mandatory under the PLRA.  *See* Lopez v. Smith, 1998 WL 774639 (9th Cir., Nov. 9, 1998).

8   On January 23, 2006, this court reviewed plaintiff's complaint and issued an order directing plaintiff

9   to cure certain deficiencies. *See* Doc. 5.   Specifically, the court explained that plaintiff did not allege facts

10  showing or demonstrating a constitutional harm and plaintiff was instructed to file an amended complaint

11  curing, if possible, the above-mentioned defects **by February 20, 2006**.    Plaintiff was warned that his

12  failure to cure or to respond appropriately could result in dismissal of this action as frivolous pursuant to

13  28 U.S.C. § 1915, and such dismissal would count as a "strike" under 28 U.S.C. § 1915(g).

14  Plaintiff filed an amended complaint, attempting to cure the defects in his original complaint, on

15  February 13, 2006.  After carefully reviewing the Amended Complaint, the court finds plaintiff has failed to

16  allege facts to support a cognizable claim.  Specifically, plaintiff seeks compensatory and punitive damages

17  based on the allegation that defendant violated his right to adequate medical care when he  denied

18  plaintiff's request for a second or follow-up hepatitis test.

19  As stated in the court's previous order, prison officials violate the Eighth Amendment when they

20  are deliberately indifferent to the serious medical needs of convicted prisoners.  Estelle v. Gamble, 429

21  U.S. 97, 104 (1976).  To state such a claim, a prisoner must show that the official knew of and disregarded

22  a substantial risk of serious harm to his health or safety.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

23  Allegations of medical malpractice and gross negligence are insufficient to establish deliberate indifference.

24  Estelle, 429 U.S. at 106; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

25  Here, plaintiff has not alleged or shown the court that defendants was acting deliberately different

26  to a substantial risk of serious harm.   Hepatitis is a significant medical condition, but plaintiff does not

27  suffer from the disease.   Defendant's response to plaintiff's request for testing indicates that plaintiff had

28  previously tested negative for the disease and since that time he had been housed in a segregation unit, and

1  thus, plaintiff had not been at risk for exposure to the disease or put in any high risk situation to contract

2  the disease.  Plaintiff does not show that defendant's refusal to give him a follow up test for the disease has

3  exposed him to a substantial risk of serious harm.

4        Similarly, the court finds that plaintiff has not adequately alleged facts to support a claim for

5  mental damages.  Plaintiff does not allege any facts showing that he has been damaged or actually suffered

6  from any physical injury.   Under 42 U.S.C. § 1997(e), no federal civil action may be brought by a prisoner

7  for mental or emotional injury suffered while in custody without a prior showing of physical injury.  A de

8  minimis physical injury is not sufficient to support a claim for mental or emotional suffering.  Siglar v.

9  Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

10  CONCLUSION

11        Because plaintiff fails to state a cognizable § 1983 constitutional claim, the Court should DISMISS

12  this case as frivolous.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil

13  Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also*

14  Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.

15  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is

16  directed to set the matter for consideration on **April 14, 2006**, as noted in the caption.

17        DATED this 24th day of March, 2006.

18

19                    */s/ J. Kelley Arnold*
                  J. Kelley Arnold
                  United States Magistrate Judge

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 3